**UNITED STATES of America,**
**Appellee,**

v.

**Darren RAJOTTE, Defendant–**
**Appellant.**

**No. 05–3988–CR.**

United States Court of Appeals,
Second Circuit.

March 10, 2006.

Jacob W. Buchdahl, Assistant United States Attorney (Katherine Polk Failla,

Assistant United States Attorney), for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee, of counsel.

Donald DuBoulay, New York, NY, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Darren Rajotte appeals from the judgment of conviction and sentence entered on July 11, 2005 in the United States District Court for the Southern District of New York (Kaplan, *J.*). Rajotte's sentencing occurred pursuant to his guilty plea to the three counts with which the indictment had charged him: (1) conspiring to distribute and possess with intent to distribute 50 grams and more of methamphetamine (in a form commonly known as "crystal methamphetamine"), and to distribute and possess with intent to distribute approximately 200 grams of methylenedioxymethamphetamine (commonly known as "Ecstasy"), in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); (2) distributing and possessing with intent to distribute approximately 40 grams of methamphetamine (in a form commonly known as "crystal methamphetamine"), in violation of 21 U.S.C. §§ 812 and 841(a)(1); and (3) distributing and possessing with intent to distribute approximately 1,600 Ecstasy pills, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). We assume the parties' familiarity with the underlying facts and procedural history of the case.

At Rajotte's sentencing proceeding, the district court sentenced Rajotte to a term of 135 months of imprisonment, to be followed by a supervised release term of three years. Rajotte argues on appeal that this sentence was unreasonable, contending that the district court should have departed downward from the applicable United States Sentencing Guidelines range on grounds of his extreme vulnerability to abuse in prison, under the rationale set forth in *United States v. Lara,* 905 F.2d 599 (2d Cir.1990); that the district court should have departed downward from the applicable Guidelines range on grounds that there was a grossly disproportionate relationship between his actual conduct and that range; and that the sentence was otherwise unreasonable and excessive.

■■■ We review the district court's sentence for reasonableness. *See United States v. Crosby,* 397 F.3d 103, 112–15 (2d Cir.2005). A refusal to depart downward is generally not reviewable on appeal, although "review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Here, there is no evidence that the district court failed to appreciate its discretion to depart. Indeed, with regard to Rajotte's claim that he was entitled to a downward departure under *Lara*'s "extreme vulnerability" rationale, the district court allotted time for arguments on the downward departure application, heard from both sides, and even gave Rajotte's counsel a final "parting shot," before ultimately concluding that Rajotte was not "so extraordinarily vulnerable as to warrant a departure." With regard to Rajotte's claim that he should have received a downward departure on grounds of gross disproportionality between the applicable range and his actual conduct, Rajotte did not argue to the district court that a downward departure

was justified on such a basis; in fact, his counsel stated that "The only departure ground I can give this court are the *Lara* grounds." In any event, at no point during the sentencing proceeding did the district court indicate that it would be unable to take this asserted disproportionality into account in imposing Rajotte's sentence, if it deemed this warranted. Nor is there any basis upon which to hold that the district court's sentencing decision—wherein it imposed a sentence at the very bottom of the applicable Guidelines range (which, in a calculation not contested by Rajotte, had been determined by the Probation Department to be 135 to 168 months' imprisonment)—was procedurally or substantively unreasonable.

Accordingly, the decision of the district court is **AFFIRMED.**